UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL SULLIVAN,

                              Plaintiff,

                                                                         DECISION AND ORDER

                                                                         09-CV-6178L

            v.

PAUL CHAPPIUS,
SUPERINTENDENT NAPOLI
In their Individual Capacities,

                              Defendants.
_____

       This is a civil rights action by an employee of the New York State Department of Corrections ("DOCS"), Daniel Sullivan, against two other DOCS employees, Paul Chappius and David Napoli. Defendants have moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion. For the reasons that follow, the motion is granted, and the complaint is dismissed.

**BACKGROUND**

       Plaintiff commenced this action on April 16, 2003. In one of many oddities, mistakes and defects in this case, jurisdiction–according to the complaint–is premised upon, *inter alia*, "42 U.S.C.

§ 2000(e)" (presumably a reference to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e), 29 U.S.C. § 206 (the Equal Pay Act), and 29 U.S.C. § 216 (the Fair Labor Standards Act), none of which, it turns out, have anything at all to do with this case. The jurisdictional statement also cites a nonexistent statute, 29 U.S.C. § 1331.[1]

The complaint alleges that in 2004, while he was working as a captain at Southport Correctional Facility, plaintiff learned that his immediate supervisor, defendant Paul Chappius, who was married, was having an extramarital affair with plaintiff's then-secretary.[2] Plaintiff alleges that he complained to "management" that this affair "was creating a hostile work environment ... ." Complaint ¶ 12. He asserts that his complaints constituted "protected speech under the First Amendment." *Id.*

In August 2006, upon the retirement of Southport's superintendent Michael McGinnis, Chappius was made the acting superintendent, pending appointment of a permanent replacement for McGinnis. Within days of assuming that position, Chappius unilaterally changed plaintiff's hours from a daytime to a nighttime shift, which plaintiff considered undesirable. *Id.* ¶¶ 19, 22-24.

Defendant Napoli became the superintendent of Southport in early September 2006. Plaintiff alleges that Napoli initially promised to do "everything in his power" to change plaintiff's hours back to what they had been, but that he failed to do so. *Id.* ¶ 26. For purposes of the motion to dismiss, it is unnecessary to recite the rest of plaintiff's allegations in detail, but in short, he alleges that his

---

[1]One might suppose that this was intended to be a reference to 28 U.S.C. § 1331, which deals with federal question jurisdiction, but that statute is (correctly) cited separately in the jurisdictional statement of the complaint. Complaint ¶ 2.

[2]According to the complaint, Chappius eventually married the woman with whom he allegedly had been having an affair, after the death of his first wife. Complaint ¶ 17.

work conditions deteriorated, and that he was subjected to harassment by both Chappius and plaintiff's coworkers.

In March 2007, plaintiff commenced an action against DOCS in this Court ("DOCS action"), based on virtually identical facts as those asserted here. *See Sullivan v. DOCS*, 07-CV-6133, Dkt. #1 ¶¶ 7-57. On August 31, 2009, District Judge Charles J. Siragusa of this Court granted DOCS's motion to dismiss the complaint in that case for lack of subject matter jurisdiction, based on the doctrine of sovereign immunity under the Eleventh Amendment. *See* 2009 WL 3189869.[3]

Judge Siragusa also denied plaintiff's motion to amend the complaint to add Chappius as a defendant in the DOCS action, on the ground that plaintiff's attorney (Christina Agola, who also represents plaintiff in this action) had failed to proffer any explanation, or to show good cause, for her seeking to add Chappius as a defendant some fifteen months after the deadline that the Court had set for motions to join other parties and to amend the pleadings. *Id.* at *6. Pointing out that the October 11, 2007 deadline had been set in an August 23, 2007 scheduling order, and that plaintiff's motion to amend was not filed until January 12, 2009, Judge Siragusa stated that "because Ms. Agola

---

[3] As explained below, Judge Siragusa's decision in the DOCS action, and the other filings and events in that action, have no direct bearing on my decision with respect to defendants' motion to dismiss the complaint in this case. I note, however, that the Court may consider Judge Siragusa's decision, and the other matters of record in that action, in deciding the motion to dismiss. *See Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 157 (1969) (taking judicial notice of the record in prior litigation between the same parties); *Staehr v. Hartford Financial Services Group, Inc.*, 547 F.3d 406, 426 (2d Cir. 2008) ("matters judicially noticed by the District Court are not considered matters outside the pleadings"); *Global Network Comm'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings"); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (on motion to dismiss, court may take judicial notice of matters of public record outside the pleadings, such as motion and memorandum filed in another lawsuit).

has failed to proffer good cause for violating the Court's Rule 16(b) scheduling order, her motion to amend is denied." *Id.*

Perhaps, by the time Judge Siragusa issued that Decision and Order, plaintiff's attorney had some inkling that she might have blundered in suing DOCS rather than the individuals involved, because on April 16, 2009, she filed the complaint in this action, naming Chappius and Napoli as defendants, in their individual capacities.

The complaint here asserts three causes of action. The only substantive federal claim, which is denominated as the second cause of action, is brought under § 1983, based on an alleged violation of plaintiff's right to equal protection. Plaintiff contends that defendants "treated the Plaintiff's complaints of harassment differently from other types of harassment ... ." *Id.* ¶ 65. He does not explain what he means by "other types of harassment," nor does he identify any instances in which defendants treated such complaints differently. Plaintiff also does not allege that he was treated differently on account of his membership in any constitutionally protected category, such as his race or sex.

Plaintiff's first cause of action asserts a claim under the New York State Human Rights Law ("HRL"), N.Y. Exec. Law § 290 *et seq.* Plaintiff alleges that defendants retaliated against him for having "complained about a hostile environment at the workplace, i.e. his complaints regarding the illicit affair" between Chappius and plaintiff's secretary. Complaint ¶ 59. The third "cause of action" asserts a claim for punitive damages against defendants "for their deliberate indifference and malice towards Plaintiff," and does not cite any statutory or other legal basis for such a claim. *Id.* ¶ 70.

**DISCUSSION**

**I. Plaintiff's Failure to Respond to Defendants' Motion**

As stated, plaintiff has not responded to the motion to dismiss. That is somewhat curious, as plaintiff's counsel requested, and was granted, a thirty-day extension to respond to the motion in October 2009. Dkt. #6. After that extension was granted, plaintiff's counsel failed to communicate further with the Court.

Regardless, plaintiff's failure to oppose the motion to dismiss does not relieve the Court of its obligation to consider the merits of plaintiff's claims. "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). Plaintiff's failure to respond to the motion notwithstanding, then, the court must determine whether, "accept[ing] the allegations contained in the complaint as true, and draw[ing] all reasonable inferences in favor of the non-movant," plaintiff has stated a facially valid claim. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994); *see*, *e.g.*, *Saxon v. Attica Med. Dep't*, 468 F.Supp.2d 480, 482 (W.D.N.Y. 2007).

In doing so, the Court applies the now-familiar *Twombly* standard, under which "a plaintiff's obligation ... requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *accord Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).

**II. Defendants' Motion to Dismiss**

**I. Subject Matter Jurisdiction and Res Judicata**

The Court's task, in assessing the sufficiency of the complaint, has unfortunately not been made any easier by defendants' motion papers, which themselves are far from exemplars of their type. They contain little argument, fail to point out some seemingly obvious defects in the complaint, and one of the grounds that they do advance in support of dismissal is clearly wrong.

Defendants argue that plaintiff's claims against Chappius should be dismissed for lack of subject matter jurisdiction. In support of that assertion, they argue that those claims are barred under the doctrine of res judicata, by virtue of Judge Siragusa's decision in the DOCS action. Those assertions are incorrect.

"The doctrine of *res judicata*, or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir.) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)), *cert. denied*, 531 U.S. 1035 (2000). Res judicata therefore "bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Esquire Trade & Finance, Inc. v. CBO, Inc.*, 562 F.3d 516, 520 (2d Cir. 2009) (quoting *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007)). The party asserting res judicata bears the burden of proving these elements. *Monahan*, 214 F.3d at 285. "The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, ___, 128 S.Ct. 2161, 2171 (2008).

Chappius was not a party to the DOCS action. Although the complaint in that action listed Chappius (along with plaintiff and DOCS) under the "Parties" heading, *see* 07-CV-6133 ¶ 6, he was not included in the caption of the complaint, does not appear on the docket sheet, and was never served. In fact, there is no indication that service on Chappius was even attempted. *See* 2009 WL 3189869, at *6 and n.15 (rejecting plaintiff's counsel's assertion that Chappius had been put on notice that he was a defendant in the DOCS action, and observing that "[e]vidently Ms. Agola has never heard of the mystical term 'summons'").

Because DOCS is an "arm of the state," *see Pankey v. Brown*, No. 9:08-CV-1298, 2009 WL 3418145, at *7 (N.D.N.Y. Oct. 16, 2009); *Murray v. New York*, 585 F.Supp.2d 471, 472 (W.D.N.Y. 2008), res judicata would only apply here if Chappius was in privity with New York State. He is not. The case law in this area makes clear that a governmental employee is not in privity with his employer for purposes of res judicata.

In *Tierney v. Davidson*, 133 F.3d 189, 195 (2d Cir. 1998), for example, a § 1983 action against two state police officers, the Second Circuit held that because the defendants were not in privity with the state, it was improper for the district court to attach any preclusive effect to a state court decision in a prior state criminal case, which had been brought by the state against the § 1983 plaintiff. *See also Konikov v. Orange County*, 276 Fed.Appx. 916, 918 (11th Cir. 2008) ("Government employees in their *individual* capacities are not in privity with their government employer") (citation omitted); *accord Muhammad v. City of Peekskill*, No. 06-CV-189, 2008 WL 4452355, at *5 (S.D.N.Y. Sept. 30, 2008).

Since Judge Siragusa's decision in the DOCS action thus has no preclusive effect here, there is no basis upon which to dismiss plaintiff's claims in this case for lack of subject matter jurisdiction. Leaving aside for a moment the facial validity of those claims, and whether they are subject to dismissal under Rule 12(b)(6), the fact is that plaintiff has asserted a § 1983 claim against two state employees. Such claims unquestionably fall within this Court's subject matter jurisdiction.

## II. Equal Protection Claim

Nevertheless, the complaint is subject to dismissal, for a number of reasons. First, the § 1983 claim, which is premised upon an alleged equal protection violation, fails because plaintiff has not alleged that he was discriminated against because of some *constitutionally* impermissible reason. In order to plead a facially valid equal protection claim, a plaintiff must allege (1) that he has been treated differently from similarly-situated persons, and (2) that the discrimination is based upon a constitutionally impermissible basis, such as his race, religion, national origin, or some other protected characteristic. *Nash v. McGinnis*, 585 F.Supp.2d 455, 462 (W.D.N.Y. 2008).

In the case at bar, plaintiff has made no such allegation. He simply alleges that defendants treated his "complaints of harassment differently from other types of harassment." Absent some constitutionally impermissible motive, that does not state an equal protection claim. *See Savoy v. Charles County Public Schools*, No. AW-09-788, 2010 WL 481345, at *7 (D.Md. Feb. 5, 2010) ("absent a showing of discriminatory intent or evidence from which to infer discriminatory intent, Plaintiff's equal protection violation claim fails").

There is an exception to the protected-category requirement, permitting a plaintiff to proceed on an equal protection claim if he can show that he has been "irrationally singled out" for discriminatory treatment. *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, ___, 128 S.Ct. 2146, 2153 (2008). Plaintiff has not expressly advanced such a claim here, but that exception would not avail him in any event, because in *Engquist*, the Supreme Court unequivocally held that such a "'class-of-one' theory of equal protection has no place in the public employment context." *Engquist*, 553 U.S. at ___, 128 S.Ct. at 2148-49. *See also Appel v. Spiridon*, 531 F.3d 138, 139-40 (2d Cir.2008) (holding, in light of *Engquist*, that "the Equal Protection Clause does not apply to a public employee asserting a violation of the Clause based on a 'class of one' theory of liability"). Plaintiff's § 1983 claim must therefore be dismissed.[4]

---

[4]As noted, the only stated basis for the § 1983 claim here is an equal protection violation. The complaint does allege that plaintiff's complaints about Chappius's affair with plaintiff's secretary constituted protected speech under the First Amendment, Complaint ¶ 12, but the complaint does not assert a claim under the First Amendment. Even if it did, however, such a claim would be subject to dismissal, inasmuch as, on the facts alleged here, complaints about Chappius's alleged affair with a subordinate did not involve a matter of public concern. *See Ruotolo v. City of New York*, 514 F.3d 184, 190 (2d Cir. 2008) ("A public employee may not transform a personal grievance into a matter of public concern by invoking a supposed popular interest in the way public institutions are run"); *Blickley v. Ford*, No. 08-cv-1866, 2009 WL 856638, at *2 (M.D.Fla. Mar. 30, 2009) (county employee's statements that she knew about and disapproved of county property appraiser's extramarital affair did not amount to speech about a matter of public concern, and could not sustain a First Amendment claim).

It appears that the reason why the complaint here alleges that plaintiff's speech was protected under the First Amendment, even though it does not assert a claim under the First Amendment, is that plaintiff's attorney has repeated, verbatim, most of the factual allegations in the complaint in the DOCS action. The reason for the references to other statutes with no relevance to this case, such as Title VII and the FLSA, remains a mystery, but probably all such references are attributable to what Judge Siragusa aptly described as "Ms. Agola's 'copy and paste' document preparation method," 2009 WL 3189869, at *7 n.18, which apparently involves lifting and reusing parts of pleadings and other papers from unrelated cases, without bothering to
(continued...)

**III. Human Rights Law Claim**

Section 1367(c)(3) of Title 28 permits, but does not require, a district court to decline to exercise its supplemental jurisdiction over a state-law claim if "the district court has dismissed all claims over which it has original jurisdiction ... ." In practice, where all federal claims are dismissed before trial, courts typically dismiss the state claims as well. *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998). "Dismissal of the pendent state law claims is not, however, absolutely mandatory even where the federal claims have been dismissed before trial ... ." *Id.* (internal quotation marks omitted). *See also Schiffman v. Epstein*, No. 04 Civ. 2661, 2009 WL 1787760, at *7 (S.D.N.Y. June 23, 2009) (stating that "[t]his preference [for dismissal of remaining state claims] is not an inexorable command").

Indeed, the Supreme Court has explained that a "district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, ___ U.S. ___, 129 S.Ct. 1862, 1866 (2009) (citing 28 U.S.C. § 1367(c)). *See also Osborn v. Haley*, 549 U.S. 225, 245 (2007) ("Even if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction"); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("when a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims"); *Schaefer v. Town of Victor*, 457 F.3d 188, 210 (2d Cir. 2006) ("Because we affirm the district court's dismissal of all of Schaefer's federal claims, on remand, the

---

⁴(...continued)
check to make sure that they are accurate and relevant to the case at bar.

district court can exercise its discretion whether to invoke supplemental jurisdiction under 28 U.S.C. § 1367 over Schaefer's remaining state law claims").

It is clear, then, that "a district court is never required to relinquish jurisdiction over state law claims merely because the federal claims were dismissed before trial. The only requirement is that it make a considered determination of whether it should hear the claims." *Miller v. Herman*, ___ F.3d ___, 2010 WL 1068227, at *10 (7th Cir. 2010) (citations omitted). "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and comity' in deciding whether to exercise jurisdiction." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)). "[N]o single factor is dispositive," and the decision whether to retain jurisdiction over the state-law claims must be made "in light of the specific circumstances of the case at bar." *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

Applying those factors here, the Court in its discretion chooses to exercise its supplemental jurisdiction over plaintiff's HRL claim, and to dismiss that claim. This course of action will best serve the interests of judicial economy, convenience, and fairness to the parties, and will not implicate any particular concerns over comity, since the application of state law to the facts alleged here is a relatively simple and straightforward matter.

Courts have found that the exercise of jurisdiction under § 1367 is warranted, following the dismissal of all federal claims, where the remaining state claims do not present any novel or unsettled questions of state law. *See, e.g., Mauro v. S. New Eng. Telcomms., Inc.*, 208 F.3d 384, 388

(2d Cir. 2000) (upholding district court's decision to retain jurisdiction over state claims after sole federal claim had been dismissed, where declining jurisdiction over state claims "would have furthered neither fairness nor judicial efficiency" and the state causes of action did not require district court "to resolve any novel or unsettled issues of state law").

Those factors make the retention of jurisdiction particularly appropriate where the state law claims arise out of the same facts as the federal claims, and where they are patently meritless. In the case at bar, it would hardly promote the interests of fairness or judicial economy to leave the door open for plaintiff to refile his HRL claim in state court, and require defendants to litigate there, when that claim is so obviously lacking in merit. *See, e.g.*, *Pu v. Charles H. Greenthal Management Corp.*, No. 08 Civ. 10084, 2010 WL 774335, at *5 (S.D.N.Y. Mar. 9, 2010) (stating that to allow plaintiff "another opportunity to press his frivolous case against defendants in state court would contravene principles of judicial economy, fairness, and sound judgment," and that "[t]o avoid further waste of judicial resources, the Court exercises its discretion under 28 U.S.C. § 1367 to dismiss the state law claims on their merits"); *Kashelkar v. Bluestone*, No. 06 Civ. 8323, 2007 WL 2809874, at *2 (S.D.N.Y. Sept. 26, 2007) ("it is appropriate to exercise supplemental jurisdiction to rule on the merits of Plaintiff's state claims notwithstanding the dismissal of the federal claims, because all of the claims arise from the same set of operative facts and are plainly lacking in merit, and because the interests of justice would not be served by requiring Defendants to oppose those claims in new state court litigation").

Plaintiff's HRL claim, which is premised upon an allegation of retaliation, arises under Executive Law § 296, which makes it unlawful "[f]or any employer, labor organization or

employment agency to discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article." The New York Court of Appeals has explained that "[i]n order to make out the claim, plaintiff must show that (1) [he] engaged in protected activity, (2) [his] employer was aware that [he] participated in such activity, (3) [he] suffered an adverse employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action." *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 313 (2004).

    On the facts presented in *Forrest*, the Court of Appeals held that

> [n]o triable issue of fact exists that plaintiff engaged in a protected activity–that is, opposing or complaining about unlawful discrimination–or, a fortiori, that [her employer] was aware of any such complaint. Although plaintiff filed numerous grievances claiming generalized "harassment," she never alleged that she was discriminated against because of race.

*Id.* (footnote omitted). That holding is directly apposite to the case at bar. Plaintiff alleges only that he complained about "the illicit affair" between Chappius and plaintiff's secretary. Complaint ¶ 59. He does not allege that he complained about any practices that were prohibited, or that he believed were prohibited, by the HRL, nor has he identified any such practices.

    The mere insertion by plaintiff's attorney of the legal term of art "hostile environment" in this claim does not render this a viable cause of action, where the facts alleged here show no more than that plaintiff complained about matters falling completely outside the scope of the HRL. *See Rivoli v. Gannett Co., Inc.*, 327 F.Supp.2d 233, 239 (W.D.N.Y. 2004) (on a motion to dismiss, "the Court is not obligated to draw unreasonable inferences in plaintiff's favor, or to accept plaintiff's conclusions of law"). The complaint itself alleges that plaintiff's complaints about the relationship

between Chappius and plaintiff's secretary were prompted not by plaintiff's belief that his work environment had become "hostile," but by his concerns over "the potential for work disturbances, and ... efficiency and safety" at Southport. Complaint ¶ 29. Whatever "hostility" plaintiff experienced, according to the factual allegations of the complaint, did not arise until *after* plaintiff's complaints, and were motivated by the complaints themselves, not by any unlawful discriminatory animus. *See Murphy v. Board of Educ. of Rochester City School Dist.*, 273 F.Supp.2d 292, 312 (W.D.N.Y. 2003) (plaintiff's allegations about his difficult working conditions showed that "plaintiff completely misapprehends the nature of a hostile work environment claim," which requires plaintiff to "show not only that his work environment was intolerable, but also that it was *discriminatory*") (citing *Howley v. Town of Stratford*, 217 F.3d 141, 153 (2d Cir. 2000)), *aff'd*, 106 Fed.Appx. 746 (2d Cir. 2004). Accordingly, there is no basis here for a claim under the HRL.

Since plaintiff's two substantive claims are thus subject to dismissal, there is no basis for his third "cause of action" for attorney's fees, and that claim must be dismissed as well. The complaint is therefore dismissed in its entirety.

## CONCLUSION

Defendants' motion to dismiss (Dkt. #4) is granted, and the complaint is dismissed with prejudice.

IT IS SO ORDERED.

                                                  DAVID G. LARIMER
                                                  United States District Judge

Dated: Rochester, New York
      May 4, 2010.